**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No. 10-20479

SEAN LINDSAY,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION
TO EXCLUDE AND OVERRULING WITHOUT PREJUDICE
DEFENDANT'S OBJECTION**

Defendant Sean Lamonte Lindsay moved on September 15, 2010, for exclusion of evidence of five prior convictions with the expectation that the Government will offer those convictions as evidence to impeach Defendant's credibility if he testifies at trial. The matter has been fully briefed and the court concludes a hearing on the motion is unnecessary. See E.D. Mich. LCrR 12.1(a); E.D. Mich LR 7.1(f)(2).

## I. BACKGROUND

Defendant is charged with violating the federal bank-robbery statute, 28 U.S.C. § 2113(a). (8/5/2010 Indictment 1.) Specifically, the Government alleges he "attempted to cash a fraudulent check at a bank," and "[w]hen the teller refused, Defendant used threats and forcefully robbed another bank employee." (10/01/2010 Gov't Resp. at 1). Defendant seeks to exclude from evidence five prior convictions:

    1. Sentenced 01/29/02, Robbery Unarmed, Recorder's Court, Detroit, MI,
    Case No. 01-012692-01, 1-15 years in prison;

> 2. Sentenced 08/07/02, Felon in Possession of a Firearm, U.S. District Court, ED of MI, Case No. 02-80018, 54 months imprisonment;
>
> 3. Sentenced 03/17/93, Robbery Armed, Recorder's Court, Detroit, MI, Case No. 93-0524-02, 3-15 years in prison;
>
> 4. Sentenced 09/12/91, Retail Fraud, 2nd, 29th District Court, Wayne, MI, Case No. 91-c1644-1, 2 days in jail;
>
> 5. Sentenced 02/07/99, Retail Fraud and Disorderly Person, 18th District court, Westland, MI, Case No. 99-74567, 30 days in jail.

(9/15/2010 Def.'s Mot. 2-3.)

Defendant contends that evidence of the 1993 felony conviction, along with the 1991 and 1999 misdemeanor convictions, are "barred by the 10 year limit of admissibility" of Rule 609(b) of the Federal Rules of Evidence. (*Id.* at 2.) Defendant further contends that "the prejudicial effect of admitting evidence of the" 2002 felony convictions "during [Defendant's] cross-examination substantially outweighs any probative value . . . whatsoever on the issue of credibility" and "should the jury be permitted to hear [such] evidence . . . , the jury could easily, likely and erroneously conclude, ipso facto, even with a limiting or cautionary instruction being given by the Court, that Mr. Lindsay is a bad or evil person and that he is guilty of the bank robbery alleged in the Indictment." (*Id.* at 3-4.) Accordingly, he also seeks to exclude evidence of the 2002 convictions pursuant to Rule 609(a)(1).

The Government responds that the Defendant will "presumably, deny some element of the crime," and "[t]hus, his credibility will be central to a determination of guilt." (10/01/2010 Gov't Resp. 5). The Government contends that "[t]he probative value of Defendant's 2002 convictions outweighs any potential prejudice." (*Id.* at 7.) With respect to the 1993 conviction, the Government asserts that it is not time-barred,

citing *United States v. Gaines*, 105 F. App'x 682, 695 (6th Cir. 2004), since "Defendant's parole did not expire until well within ten years of this crime." (10/01/2010 Govt Resp. at 8.) The Government further argues that the probative value of this evidence "outweighs any potential prejudice." (*Id.*)

Finally, the Government contends that even though the 1991 and 1999 misdemeanors fall outside the ten-year period preceding the crime alleged in the instant indictment, the court should still admit evidence of these convictions because they involved acts of dishonesty and, additionally, their probative value substantially outweighs their prejudicial effect under Federal Rule of Evidence 609(b). (*Id.* at 9.)

## II. DISCUSSION

Rule 609(a)(1) allows the admission of evidence of a witness's prior conviction to impeach that witness if the crime was punishable by a sentence of greater than one year and if the probative value of the evidence outweighs its prejudicial effect. Fed. R. Evid. 609(a)(1). Where the crime "involved dishonesty or false statement, regardless of the punishment," the rule admits evidence of the conviction without any balancing test. Fed. R. Evid. 609(a)(2). In *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990), the Sixth Circuit explained that, under Rule 609(a)(2), "[a]lthough evidentiary issues are generally within the broad discretion of the trial judge, the admission of prior convictions involving dishonesty is not," even if the conviction was for a misdemeanor. 896 F.2d at 189. Convictions more than ten years old are generally inadmissible, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial

3

effect." Fed. R. Evid. 609(b).

Defendant expects to testify at trial in his own defense. (9/15/2010 Def.'s Mot. 2-3.) If Defendant changes his mind and does not testify, the grounds to impeach his credibility as a witness are non-existent. Determining whether the court should admit the evidence of his prior convictions, pursuant to Rule 609, requires considering the substance of his testimony and the extent to which the prior convictions are probative of his credibility. Without having the benefit of this testimony, the court is unprepared to rule on this motion at the present time. Should Defendant Lindsay testify at trial, his counsel may renew the instant motion at that time.

Likewise, the court will overrule without prejudice Defendant's October 15, 2010 "Objection." In the Government's response, it noted that "Defendant has not moved to preclude . . . admission into evidence during the government's case in chief or in rebuttal pursuant to Federal Rule of Evidence 404(b), as proof of Defendant's intent, knowledge, and absence of mistake." (Gov't's Resp. 1 n.1.) Thereafter, Defendant filed his "Objection," in which he argues that none of his convictions should be admissible under Rule 404(b). Until, however, the Government presents its case and, perhaps, seeks to admit Defendant's convictions into evidence, the court is without sufficient information to rule on the relevance or admissibility of the convictions. The court will therefore overrule the objection without prejudice.

### III. CONCLUSION

IT IS ORDERED that Defendant's "Motion to Exclude" [Dkt. # 17] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's "Objection" [Dkt. # 21] is

4

OVERRULED WITHOUT PREJUDICE.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: November 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 15, 2010, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\10-20479.LINDSAY.609.wpd